UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| **Lana Borkholder,** | ] |
| **Plaintiff,** | ] |
| vs. | ] Case No: |
| **Pulaski County and Pulaski County Board of Education** | ] |
| **Defendants.** | ] |

## COMPLAINT

Comes now the Plaintiff, Lana Borkholder, by and through counsel and for cause of action will respectfully show to the Court as follows:

### JURISDICTION and VENUE

1. This is an action under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq*. (hereinafter the "Fair Labor Standards Act" or "FLSA"). Plaintiff seeks payment for hours worked unpaid minimum wage, overtime and liquidated damages that they were deprived of due to Defendant's violations of the Fair Labor Standards Act.

2. Jurisdiction is based on 28 U.S.C. § 1331, (federal question). The state claims brought in this action are proper in this court under 28 U.S.C. § 1367(a). All presented state claims are so related to the federal claims brought in this action that they form part of the same case or controversy under Article III of the United States Constitution.

3. The acts complained of took place in Pulaski County, Kentucky; therefore, proper venue for this action lies within the Eastern District of Kentucky.

## PARTIES

4.Plaintiff, Lana Borkholder, is a former employee of Pulaski County and/or Pulaski County Board of Education. ("Defendant Employers"). Plaintiff was an employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (e) (1).

5.The Defendant Employers are employers within the meaning of 29 U.S.C. § 203(d) of the Fair Labor Standards Act.

6.Defendant Employer comprises an enterprise engaged in commerce within the meaning of the Fair Labor Standards Act 29 U.S.C. § 203(e) (1).

## FACTUAL ALLEGATIONS

7.Plaintiff is a resident of the State of Kentucky, residing in Pulaski County.

8.Plaintiff worked for Defendant Employers as a cafeteria cook.

9.Plaintiff's hourly wage was $13.54 per hour.

10.Plaintiff was only paid for approximately 28 hours of work per week.

11.Plaintiff routinely worked over forty (40) hours per week.

12.Plaintiff was not paid for all hours worked per week nor was she paid an additional overtime wage for hours worked in excess of Forty (40) hours in one work week.

13.Defendants never had any method of keeping track of the time worked by Plaintiff or other similar employees.

14.Plaintiff's job duties did not fit under any exception to the overtime pay provisions of the Fair Labor Standards Act, 29 USC § 201 *et seq*.

15.The Defendant willfully failed to comply with the maximum hour provisions of the Fair Labor Standards Act 29 U.S.C. § 207, by failing to pay any overtime for any of the overtime hours worked by the Plaintiffs.

## COUNT I – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

16. Plaintiff hereby re-alleges paragraphs 1 through 14 as though fully set forth herein.

17. Defendants willfully failed to compensate Plaintiff at a rate of one and one-half times Plaintiffs' regular hourly rate for all hours worked in excess of 40 hours for the entire time she worked for Defendants. Defendants further willfully failed to maintain records of all compensable work time subjecting them to further penalty under 29 USC §216(b).

18. Defendants, by such failure, willfully violated the overtime provisions of the Fair Labor Standards Act 29 U.S.C. § 207.

19. Defendants repeatedly and willfully violated the provisions of Sections 11(c) and 15 (a) of the FLSA [29 U.S.C. 211 (c) and 215 (a)(5)] and 29 C.F.R.§516 by failing to make, keep, and preserve adequate and accurate records of the Plaintiff and of the wages, hours and other conditions and practices of employment maintained by defendant, as prescribed in the aforesaid Regulation.

**WHEREFORE**, Plaintiffs requests this court enter judgment in favor of the Plaintiff and against Defendants, for:

(1) all amounts of overtime wages that Plaintiff should have received under the Fair Labor Standards Act but for Defendants' willful violation of their rights, plus an equal amount in liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b); and

(2) all reasonable costs and attorney's fee pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b);

(3) all amounts of wages, including overtime, earned by Plaintiff; and

(4) any such other legal relief as may be appropriate or to which they may be entitled under federal or state law.

Respectfully Submitted,

**HIGGINS HIMMELBERG & PILIPONIS, PLLCHIGGINS, HIMMELBERG & PILIPONIS, PLLC,**


  **/s/ Richard D. Piliponis**
**RICHARD D. PILIPONIS, KY BPR No. 91874**
Attorney for Plaintiff
116 Third Avenue South
Nashville, TN 37201
(615) 353-0930